[Civ. No. 9602.   Second Appellate District, Division Two.—March 27, 1935.]

CHARLES HELD et al., Respondents, v. W. H. JIRDON et al., Appellants.

Kidd, Schell & Delamer for Appellants.

Claude F. Weingand and Reginald I. Bauder for Respondents.

FRICKE, J., *pro tem.*—Appeal by defendants from orders denying motions for judgment notwithstanding the verdict and from the order denying motions for a substituted or directed judgment in their favor, though granting defendants a new trial.

On the night of June 19, 1931, a truck with a trailer attached, owned by appellant LaRue and driven by his employee, appellant Saunders, within the scope of his employment, was proceeding easterly on the right-hand side of Mint Canyon highway at about seventeen miles per hour. A Dodge automobile came around a curve from the east, traveling near the center of the road at a high rate of speed, passed to the wrong side of the road and struck the front end and side of the truck, doing considerable damage including the destruction of the truck's storage battery, making it impossible to drive the truck and putting out all lights on the truck and trailer. Respondents, in a Ford car and coming from the west, ran into the trailer shortly after the first collision. This appeal involves the questions whether the truck driver was guilty of negligence and whether the Ford driver was guilty of contributory negligence, appellants contending that there was absolutely no evidence upon which the verdict could be sustained and that, therefore, the motions for judgment notwithstanding the verdict should have been granted.

■ So far as the collision between the truck and the Dodge car is concerned, respondents wholly failed to show that it was due to the negligence of the driver of the truck. Respondent's argument that the truck was not close to the right-hand edge of the highway but near the center of the road when the collision occurred and therefore was proceeding unlawfully, fails to find support in the position of the truck and trailer after the second collision. Appellants were therefore not chargeable with negligence because, after the collision with the Dodge car, the truck and trailer were momentarily left on the highway.

■ As to the second collision, is there any evidence that it was the proximate result of negligence on the part of the driver of the truck? What should the driver, as a reasonably prudent individual, have done which he did not do? The truck could not be moved, and the means of lighting the lights had been destroyed. The only remaining possible negligence would be the failure of the truck driver or his helper to warn vehicles approaching the wreck, particularly the automobile of respondents. The only proof as to the time which elapsed between the two accidents came from the driver of the truck and his helper. Their testimony at the trial was to the effect that the collisions so closely followed one another that there was no opportunity to warn respondents. Respondents rely upon the testimony of an occupant of the Ford car who testified that she had asked the driver of the truck why he was not signalling traffic and that the driver replied that the accident had "happened just a few minutes ago and they didn't have time". Respondents argue from this that since "a few minutes" had elapsed this was some evidence that an opportunity to warn traffic existed. The fallacy of this argument lies in the fact that it depends upon picking out a part of the statement and disregarding the remainder. The effect of the introduction of this statement by respondents, taking the statement as a whole as we must, is that respondents themselves proved that there was not sufficient time between the two collisions to permit of any signalling. Respondents have entirely failed to prove any negligence on the part of the driver of the truck or his assistant.

The orders denying motions of defendants for judgment notwithstanding the verdict are reversed and the cause is

remanded to the trial court with directions to order the entry of judgment for all defendants notwithstanding the verdict.

Stephens, P. J., and Crail, J., concurred.